FILED
CLERK, U.S. DISTRICT COURT
NOV 3 0 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send     _X_
Enter    ___
Closed   ___
JS-5/JS-6 _X_
JS-2/JS-3 ___
Scan Only ___

DOCKETED ON CM
DEC - 1 2005
BY _____ 040

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CV 05-100 AHS |
| Plaintiff/Respondent, | SA CR 99-67 AHS |
| v. | ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| CARLOS DOMINGUEZ BENITEZ, | |
| Defendant/Petitioner. | |

## I.

### PROCEDURAL BACKGROUND

On January 31, 2005, defendant/petitioner Carlos Dominguez Benitez ("petitioner") filed a motion to vacate, set aside, or amend sentence pursuant to 28 U.S.C. § 2255 ("motion"). On July 15, 2005, the government filed opposition.

The Court finds the instant matter appropriate for decision without holding an evidentiary hearing. A district court may deny a section 2255 motion without holding an evidentiary hearing when the record of the case clearly establishes that the petitioner is not entitled to relief or that the motion presents no more than allegations unsupported by the facts or refuted by the

record. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986). Based on the arguments and authorities in the parties' papers, and the Court's independent research, the Court denies petitioner's motion.

## II.

## SUMMARY OF CRIMINAL CASE PROCEEDINGS

On October 13, 1999, petitioner entered a guilty plea pursuant to a plea agreement, to conspiracy with intent to distribute methamphetamine. On March 13, 2000, the Court sentenced petitioner to 10 years imprisonment, the minimum mandatory sentence. Petitioner's five criminal history points precluded the Court from applying the safety-valve exception, although the government stipulated to a two-level downward adjustment for the safety-valve provision in the plea agreement. United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333, 2337, 159 L. Ed. 2d 157 (2004). Applying the safety-valve reduction would have allowed the Court to impose a sentence below the otherwise mandatory minimum. Id.

The Court of Appeals for the Ninth Circuit reversed petitioner's conviction because of the Court's failure to comply with Fed. R. Crim. P. 11(e)(2), which the Ninth Circuit deemed plain error that affected petitioner's substantial rights. The United States Supreme Court reversed the Ninth Circuit decision; the Supreme Court held that the Rule 11 error did not make a difference to the outcome.

Petitioner now moves the Court to vacate his conviction because he received ineffective assistance of counsel and because the Court denied petitioner's requests to appoint new counsel.

(Petitioner's Motion, 5:1-6).

## III.

### DISCUSSION

A.   **Summary of Contentions**

Petitioner contends that he received substandard representation and that he was substantially prejudiced as a result. (Motion, 5:1-6). Trial counsel (Craig Wilke) ("Wilke" or "trial counsel") failed to adequately represent petitioner by: (1) failing to investigate petitioner's criminal history; (2) failing to adequately investigate the facts of the case; (3) failing to interview petitioner's friends and family; (4) failing to provide the Court a sufficient factual or legal basis regarding petitioner's living conditions or drug history; and (5) failing to investigate and present an entrapment defense. (Motion, 6:1-18). Petitioner raises alleged failures 2-4 in regard to presenting an entrapment defense. Petitioner further contends that the Court abused its discretion by denying petitioner's requests to substitute counsel.

B.   **Ineffective Assistance of Counsel**

A defendant claiming ineffective assistance of counsel must show that, considering all of the circumstances: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) any deficiencies in counsel's performance were prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-90, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also Rompilla v. Beard, __ U.S. __, 125 S. Ct. 2456, 2462 (June 20, 2005) (stating that "[i]neffective assistance of counsel under Strickland is deficient performance by counsel resulting in prejudice . . .");

United States v. Thomas, __ F.3d __, 2005 WL 1813310, *2 (9th Cir. August 3, 2005).

The reasonableness of counsel's performance is measured "under prevailing professional norms." Strickland, 466 U.S. at 688. The second prong requires showing counsel's deficient performance resulted in actual prejudice to petitioner. See id. at 687; Wiggins v. Smith, 539 U.S. 510, 518, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). In evaluating claims of ineffective assistance of counsel, there is a strong presumption that counsel performed adequately. Strickland, 466 U.S. at 689.

When counsel advises a defendant on a plea agreement, "[c]ounsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent choice." Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002). Uncertainty is inherent in predicting what the final sentence might be. See id. (citing McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).

### 1. Criminal History

Petitioner's complaint regarding trial counsel's failure to investigate his criminal history pertains to the inapplicability of the safety-valve exception. Trial counsel demonstrates that he competently investigated petitioner's criminal history to determine his eligibility for the safety-valve exception.

Trial counsel explained to petitioner that he would not qualify for the safety-value exception if his criminal history points exceeded category I. (Wilke Decl. ¶ 7). Trial counsel knew petitioner was previously convicted for possessing cocaine for

4

sale, the only conviction listed on petitioner's rap sheet. (Wilke Decl. ¶ 8). Trial counsel believed that the one conviction would result in one criminal history point because it was a deferred judgment conviction. (Id.). Although petitioner informed trial counsel that he was convicted for driving without a license, trial counsel did not believe it would take petitioner out of category I. (Id.).

   Trial counsel first learned of petitioner's driving under the influence convictions ("DUI") and a petty theft conviction upon reviewing the PSR; the convictions added two criminal history points, thereby precluding application of the safety valve. (Wilke Decl. ¶ 9). Trial counsel acted objectively reasonable by relying on petitioner's rap sheet, especially where petitioner admitted to providing different names and birth dates each time he was stopped or arrested. (PSR ¶ 88). See Strickland, 466 U.S. at 690 (stating that "[c]ounsel's actions [and investigation decisions] are usually based, quite properly, on informed strategic choices made by defendant and on information supplied by defendant . . .").

   Regardless of defense counsel's inaccurate calculation of petitioner's criminal history points, petitioner's ineffective assistance of counsel claim fails on the prejudice component as well. For example, trial counsel's alleged error did not solely disqualify petitioner from the safety valve. In addition, petitioner's April 1999 drug conviction, without the plea agreement, increased the mandatory minimum penalty from 10 years to 20 years. Finally, trial counsel apprised petitioner of the consequences of an increased criminal history category. (Wilke Decl. ¶ 7). Accordingly, petitioner was not prejudiced.

### 2. Entrapment Defense

Petitioner contends that had trial counsel taken preliminary steps, he would have uncovered factors supporting an entrapment defense. (Motion, 6:19-24). Trial counsel's failure to pursue an entrapment defense does not fall below an objective standard of reasonableness. Trial counsel considered an entrapment defense, but ultimately concluded that petitioner's criminal history "negatively impacted [petitioner's] ability to raise an entrapment defense." [Declaration of Craig Wilke ("Wilke Decl.") ¶ 5].

An entrapment defense is unavailable where a defendant is "predisposed to commit a crime . . . regardless of the [government's] inducement." United States v. McClelland, 72 F.3d 717, 722 (9th Cir. 1995), cert. denied, 517 U.S. 1148 (1996). Predisposition is established by analyzing five factors: (1) the character and reputation of defendant; (2) whether the government initially suggested criminal activity; (3) whether defendant engaged in the activity; (4) whether defendant showed any reluctance; and (5) the nature of the government's inducement. Id. A defendant's reluctance to engage in the criminal activity is the most important factor.

Petitioner's prior arrest and conviction record establish a history of possessing cocaine for sale, at a time before petitioner had any contact with the confidential informant in the instant case. [Presentence Investigation Report ("PSR") ¶ 83]. The PSR refutes petitioner's claim that he had no criminal history of distributing drugs, and petitioner's vulnerability to solicitation due to financial and personal relationship pressures

does not eliminate evidence of his predisposition to commit the crime. (Motion, 8:1-11).

Moreover, the record does not indicate a reluctance to deal drugs, a factor that carries significant weight. Indeed, trial counsel declares that his first conversation with petitioner revealed his willingness to participate in a drug transaction, which petitioner's "rap sheet" confirmed. (Wilke Decl. ¶ 4). Trial counsel's actions were competent, as he thoughtfully assessed the viability of an entrapment defense; and his ultimate decision not to pursue an entrapment defense was objectively reasonable. Strickland, 466 U.S. at 688. Thus, petitioner does not demonstrate that he received ineffective assistance of counsel.

C.     **Failure to Substitute Counsel**

On September 8, 1999, petitioner expressed dissatisfaction with trial counsel because trial counsel encouraged petitioner to accept a plea offer. (Government's Opposition, Ex. 7). On October 7, 1999, trial counsel applied ex parte for a status conference because of petitioner's request for new counsel. (Government's Opposition, Ex. 4). On October 7, 1999, the Court held a hearing and invited petitioner to speak about his desire for new counsel. (Government's Opposition, Ex. 5, Reporter's Transcript ("RT"), p.6). The Court denied petitioner's request for new counsel after he revealed during questioning by the Court that he "only . . . looked for a better deal." (Id.).

On January 31, 2000, at petitioner's original sentencing hearing, he represented that he was not prepared to proceed because he was dissatisfied with trial counsel; consequently, petitioner requested the Court to appoint new counsel and continue the

sentencing. The Court continued the sentencing until March 13, 2000. At the second sentencing hearing, the Court provided petitioner an opportunity to expand on the reasons he sought new counsel. The Court denied his second request for new counsel because the record did not reflect a problem with the way trial counsel handled the case or the result. (Government's Opposition, Ex. 13, Reporter's Transcript ("RT"), 9-14).

The Court denies petitioner's motion on this ground to the extent it relates to his claim of ineffective assistance of counsel. In addition, petitioner's plea of guilty to count one bars his claim that the Court erred by denying his request to substitute counsel.

A defendant may not raise independent claims of being deprived a constitutional right before the proper entry of his guilty plea. Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); see Lefkowitz v. Newsome, 420 U.S. 283, 288, 95 S. Ct. 886, 43 L. Ed. 2d 196 (1975) (stating that a guilty plea, intelligently and voluntarily made, precludes a defendant from subsequently asserting constitutional challenges to pretrial challenges, unless state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues); see also United States v. Floyd, 108 F.3d 202, 204 (9th Cir. 1997) (dismissing appeal of conviction after sentencing because defendant's unconditional guilty plea waived the right to appeal non-jurisdictional antecedent rulings and cured all antecedent constitutional defects; and defendant's subsequent change of heart did not render her plea invalid). Thus, the Court denies petitioner's motion.

## IV.

## CONCLUSION

Petitioner's claims regarding ineffective assistance of counsel are without merit and are denied with prejudice. Because the weight of authority indicates that petitioner's guilty plea precludes him from raising the denial of his request for new counsel, the Court further denies petitioner's claim with prejudice.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.

DATED: November 30, 2005.

_____
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE